ALBANY,
January, 1822.

SELLICK
v.
BROWN.

SELLICK *against* BROWN.

IN ERROR, on *certiorari*, to a Justice's Court. *Brown* brought an action of trespass for taking his goods, &c. against *Sellick.* The defendant justified the taking under an execution issued by a Justice of the Peace on a judgment in his favour, against *Brown.* The facts, as they appeared on the return to the *certiorari*, were, that *S.* formerly obtained a judgment against *B.*, in a Justice's Court. *B.* was a freeholder, and had a family at the time the judgment was rendered. About *fifteen* days after the judgment was entered, *S.* appeared before the Justice, and made oath, that he would be in danger of losing his debt if an execution was not immediately issued on the judgment. The Justice thereupon issued an execution, under which the officer, by the direction of the plaintiff, levied on the goods of *B.*, and sold them; and for this taking of his goods, *B.* brought his action of trespass against *S.*, before the Justice, and recovered a verdict and judgment; to reverse which the *certiorari* was brought.

Under the *proviso* to the 11th section of the 25 dollar act, (sess. 36. ch. 53. 1 *N. R. L.* 387.) the party in whose favour judgment is given, if he intends to have execution against the defendant, being a freeholder, or inhabitant having a family, before the expiration of the *thirty days*, must take the oath required for that purpose, *at the time* the judgment is rendered by the Justice, so as to give the other party the full benefit of a stay of execution for thirty days, on giving security.

*P. Ruggles*, for the plaintiff in error.

*Sudam*, contra.

*Per Curiam.* By the 11th section of the " act for the recovery of debts to the value of 25 dollars," (sess. 36. ch. 53. 1 *N. R. L.* 387.) it is provided, " that no execution of any judgment given by virtue of this act, shall issue against any freeholder or inhabitant having a family, &c. in less than *thirty* days after giving the said judgment, unless the party in whose favour judgment shall be given, shall make it appear to the satisfaction of the said Justice, on his own oath, or the oath of some other person, that such plaintiff will be in danger of losing the debt or damages, if such delay be allowed; in which case the said Justice shall issue execution immediately, unless the party against whom such judg-

ALBANY,
January, 1822.

ment shall be given, shall thereupon *give security* to the party in whose favour judgment was given, that he will pay the debt, or damages and costs, before, or at the expiration of thirty days." The plaintiff in error contends, that the execution was properly issued in this case, under the proviso to the 11th section of the act. We are of a different opinion. It is clear, that the oath of danger must be taken by the party in whose favour judgment is given, *at the the time* the judgment is rendered by the Justice; otherwise, the defendant would be deprived of the benefit of staying the execution for thirty days, on giving security. In this case, the plaintiff appeared before the Justice, about fifteen days after the judgment was rendered, and took the oath when the defendant was not present, and was entirely ignorant of the proceeding. If this course should be allowed, the party against whom the judgment is given, might, in all cases, be deprived of his right on giving security, to have the execution stayed.

                                   Judgment affirmed.